IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARL GOULD, | ) |
|       *Petitioner*, | ) Case No. 2:21-cv-00537 |
| v. | ) Magistrate Judge Kezia O. L. Taylor |
| M. ADAMS, Superintendent, PENNSYLVANIA BOARD OF PROBATION AND PAROLE, and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, | ) |
|       *Respondents*. | ) |

### MEMORANDUM OPINION[1]

Currently pending before the Court is a Petition for Writ of Habeas Corpus filed by Petitioner Carl Gould ("Petitioner") pursuant to 28 U.S.C. § 2254. ECF No. 3. The Petition challenges the recalculation of Petitioner's maximum sentence date after the Pennsylvania Board of Probation and Parole ("the Board") recommitted Petitioner as a convicted parole violator.

**A. Relevant Background**

Petitioner, who was serving several sentences for convictions obtained in 2007, was released on parole on November 1, 2012. ECF No. 13-1 at 5. At that time, his original maximum sentence date was October 3, 2017. *Id*.

While on parole in 2015, Petitioner was indicted on new criminal charges out of Lancaster County. He was subsequently convicted on those charges on June 1, 2017. *Id*. at 31.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment.

As a result, and by a decision of the Board recorded on July 20, 2017, Petitioner was recommitted as a convicted parole violator to serve a term of 48 months backtime when he was available. *Id*. at 7. By a decision recorded on September 29, 2017, the Board established Petitioner's parole violation maximum date as May 2, 2022. *Id*. at 10.

Petitioner filed an administrative appeal challenging his recommitment as a convicted parole violator and the recalculation of his maximum sentence date, but the Board dismissed his request for administrative relief as untimely on August 14, 2018. *Id*. at 13. Petitioner then filed a petition for review in the Commonwealth Court of Pennsylvania appealing the Board's dismissal of his request for administrative relief as untimely. *Id*. at 15-20. Appointed counsel entered an appearance for Petitioner in that case, and, on October 17, 2018, the Board withdrew its dismissal dated August 14, 2018, and answered the merits of Petitioner's claims contained in his administrative appeal. *Id*. at 27-28, 30-32. On October 25, 2018, counsel for the Board filed an application to dismiss the Commonwealth Court matter as moot in light of its response to Petitioner dated October 17, 2018. *Id*. at 34-47. On November 27, 2018, the Commonwealth Court dismissed the matter as moot and advised Petitioner that he could file another petition for review from the Board's decision dated October 17, 2018. *Id*. at 49. On December 10, 2018, in response to *pro se* communication received from Petitioner, the Commonwealth Court sent an "Ellis letter" to Petitioner and counsel for the Board. *Id*. at 51. On September 19, 2019, Petitioner filed in the Commonwealth Court a petition to reinstate his petition for review. *Id*. at 53-63. The Commonwealth Court denied the petition on September 24, 2019. *Id*. at 65. Petitioner subsequently filed a petition for writ of mandamus requesting that the Commonwealth Court rule on his petition filed on September 19, 2019. *Id*. at 67-71. On October 20, 2020, the

Commonwealth Court denied the petition as moot in light of its order dated September 24, 2019. *Id*. at 73.

Petitioner initiated these habeas proceedings in April 2021, and the Board filed its response to the habeas petition on July 6, 2021. ECF Nos. 1 and 13.

### B. Discussion

First, Respondents correctly argue that Petitioner failed to exhaust his state remedies as required by 28 U.S.C. § 2254(b)(1). To properly exhaust a claim involving a determination of the Board, a habeas petitioner must first seek administrative review with the Board itself, and then further review in the Commonwealth Court and the Pennsylvania Supreme Court. *See* 37 Pa. Code § 73.1 (Appeals and petitions for administrative review); 42 Pa. C.S. § 763 (Direct appeals from government agencies); *Williams v. Wynder*, 232 F. App'x 177, 181 (3d Cir. 2007) (a petitioner is required to exhaust his available state remedies by filing a petition for allowance of appeal in the Pennsylvania Supreme Court following the Commonwealth Court's adverse decision). Petitioner did not exhaust his state remedies because he did not petition for review in the Commonwealth Court following that court's order dated November 27, 2018, which advised Petitioner that he could file another petition for review of the Board's decision within thirty days. Because he did not do so, and any attempt to seek such review now would be untimely, his claim before this Court is procedurally defaulted. However, for the reasons set forth below, Petitioner's claim merits no relief.

Petitioner's sole claim for relief challenges the Board's authority to recalculate his maximum sentence after he was recommitted as a convicted parole violator. Liberally construed, Petitioner essentially claims that the Board's statutory established right to extend a parolee's

3

maximum sentence under 61 Pa. C.S. § 6138(a)(2)[2] is violative of the judiciary's constitutionally established sentencing power under Article 5, section 1 of the Pennsylvania Constitution. *See* ECF No. 3 at 6. As such, Petitioner appears to equate the denial of credit for time served on parole upon recommitment for the commission of a subsequent offense as an unlawful increase of the judicially mandated sentence.

Insofar as Petitioner is challenging the Board's authority to recommit him for the balance of his original sentence without giving him credit for the period he was at liberty on parole as being in direct conflict with Article 5, section 1 of the Pennsylvania Constitution, his claim is not one that is cognizable in these federal habeas proceedings. In this regard, the habeas statute provides that a federal court cannot entertain a habeas petition on any ground other than that the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal courts cannot grant habeas relief based on violations of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Additionally, and important here, federal habeas courts lack authority to review alleged violations of state constitutions. *See Reinert v. Larkins*, 379 F.3d 76, 94 n.4 (3d Cir. 2004) ("[W]e, as a federal court sitting in habeas jurisdiction, would not have the authority to review a violation of the state constitution."). As such, any challenge to Petitioner's custody based on this argument is simply not cognizable. *See*, *e.g.*, *Black v. PA Parole Board*, 2019 WL 1714478, at *7 (M.D. Pa. Jan. 30, 2019).

---

[2] This statute states that for convicted parole violators whose parole has been revoked, "the offender shall be recommitted to serve the remainder of the term which the offender would have been compelled to serve had the parole not been granted and, except as provided . . . , shall be given no credit for the time at liberty on parole." Pa. C.S.A. § 6138(a)(2).

Nevertheless, this Court notes that this argument has been specifically rejected by the Pennsylvania Supreme Court. In *Young v. Com. Bd. of Prob. and Parole*, 409 A.2d 843 (Pa. 1979), the court explained that the Board's recalculation of a parole violator's maximum sentence is not a modification of his judicially imposed sentence, but instead a requirement that he serve his entire original sentence. It therefore held that the Board's power to deny credit for "street time" is "not an encroachment upon the judicial sentencing power." *Id*. at 848. Indeed, the Commonwealth Court has repeatedly cited to and relied on *Young* when denying the same separation of powers challenge brought by convicted parole violators. *See e.g.*, *Edmondson v. Pennsylvania Parole Bd.*, 2022 WL 2713204, at *2 (Pa. Commw. Ct. July 13, 2022) ("It is well settled that the Parole Board does not violate the separation of powers doctrine when it recalculates a [convicted parole violator's] maximum sentence date.").

Here, the Board properly recalculated Petitioner's maximum sentence date when he was recommitted as a convicted parole violator, *see* ECF No. 13-1 at 30-32, and in denying Petitioner credit for time spent at liberty on parole the Board did not extend or modify Petitioner's judicially imposed sentence. Rather, the recalculated sentence date required that he serve the remainder of his original sentence. As such, the Board acted within its authority and there was no usurpation of the judicial function of sentencing.

### C. Certificate of Appealability

AEDPA codified standards governing issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals form . . . the final order in a habeas corpus proceeding in which the detention

complained of arises out of process issued by the State court[.]" 28 U.S.C. § 2253(c)(1)(A).  It also provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  *Id*. § 2253(c)(2).

Petitioner has not met the requisite showing for the issuance of a certificate of appealability.  A separate Order will issue.

Dated:  June 11, 2024.

/s/ Kezia O. L. Taylor
KEZIA O. L. TAYLOR
United States Magistrate Judge

Cc: Carl Gould
66 North 14th Street
Harrisburg, PA  17103

Counsel for Respondents
(Via CM/ECF electronic mail)